UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JOSEPH TRACY, )
 )
        Plaintiff, )
 )
    vs. ) No. 4:04-CV-1104 (CEJ)
 )
DON ROPER, )
 )
        Defendant. )

**MEMORANDUM AND ORDER**

This habeas corpus petition is before the Court upon petitioner's objections to the Report and Recommendation of United States Magistrate Judge Mary Ann L. Medler, to whom the matter was referred pursuant to 28 U.S.C. § 636(b). Judge Medler recommended that the petition for a writ of habeas corpus be denied. Petitioner has filed objections to the Report and Recommendation.

Petitioner Joseph Tracy was convicted by jury of one count of voluntary manslaughter, one count of assault in the second degree, and two counts of armed criminal action. He was sentenced to consecutive terms of thirteen years, five years, ten years, and five years, respectively. The Missouri Court of Appeals affirmed his convictions, State v. Tracy, 50 S.W.3d 836 (Mo. Ct. App. 2001), and the denial of his motion for post conviction relief, Tracy v. State, 121 S.W.3d 258 (Mo. Ct. App. 2003).

Petitioner asserts the following grounds for relief in this 28 U.S.C. § 2254 action: (1) trial court erred by not allowing petitioner to present expert testimony that he was unable to voluntarily waive his Miranda rights; (2) trial court erred by allowing the prosecutor to cross-examine a defense witness on his

reputation in the community over objections; (3) trial court erred by allowing, over objections, the state to introduce evidence of a conversation between petitioner and his spouse in which petitioner made comments that may be construed as racial slurs; (4) trial counsel was ineffective for allowing the court to impose sentence and judgment in a manner that the court did not intend to impose; and, (5) appellate counsel failed to advance the properly preserved claim that the prosecution mischaracterized evidence in his closing argument. The magistrate judge concluded that petitioner procedurally defaulted on ground three and that all other grounds were without merit.

Petitioner specifically objects to the magistrate judge's finding as to ground one. He generally objects, without argument, to the findings as to the remaining grounds. He states that he does not want to "waste this Courts [sic] time by simply repeating what was plead [sic] in previous documents submitted." The Court reviews the magistrate judge's findings *de novo*. See 28 U.S.C. § 636(b).

**I. Background**

In its *per curiam* opinion, the Missouri Court of Appeals for the Eastern District found as follows:

> On June 20, 1997, defendant learned that his ex-wife, Joyce, moved to Arizona with their eleven-year-old daughter and her new husband Patrick, who was also defendant's nephew. Defendant became extremely upset upon hearing the news. That afternoon, defendant met his wife, Nell, at a bar called Top of the Landing for lunch, where he drank very heavily. Later that evening, defendant and Nell left the Top of the Landing and went to Fritz's to meet up with two of their friends, Donna Politte and Dave Kennedy. Defendant was very angry when he arrived at Fritz's separately. Nell and Kennedy went to the Top of the Landing. Defendant arrived about one hour later. He asked Nell if she was ready to go home. She said yes, and as they were leaving defendant started "cussing and screaming" at Nell. Nell testified that once they were in the car and started taking off defendant got "physical" and "slammed the car over to the side"

of the road. Defendant yelled "f**k you, Joyce, and then he grabbed me and he said he was tired of my shit, and I said, look at me, I'm Nell." Nell further testified that defendant said, "I'm so f**king tired of both of you, and I said what are you talking about. He said I'm tired of you f**king Patrick." Defendant then started choking Nell. As they struggled, defendant grabbed a gun that was in the car. The gun went off without hitting anyone. Nell stated that at this point she was laying half in and out of the car and defendant told her not to move because he was "going to take care of this." Defendant got out of the car and started walking towards the bar. Nell saw defendant leave and she quickly got back in the car and drove away. Once defendant was inside the bar he started "ranting and raving" and while pointing the gun at Kennedy defendant yelled at him to stay away from his "old lady." People stepped around defendant and repeatedly tried to calm him down and told him no one was "messing with Nell." Defendant pulled the gun and fired it. Steve Spink, the bouncer, was shot and seriously injured and Kennedy was fatally shot.

    The police found defendant walking north on Broadway. Officer Joseph Reyes stated that defendant made statements to the fact that "[i]t shouldn't have happened. I don't know what I was thinking. It wasn't worth it." Defense counsel claims that defendant thought he was shooting his nephew Patrick and did not intend to shoot Dave Kennedy.

(Resp. Exh. E, at 2-3).

## II. Discussion

### A. Ground One

Petitioner's first ground for relief arises from the trial court's decision not to allow the expert testimony of Dr. Michael Armour in petitioner's behalf. Petitioner expected Dr. Armour to testify that petitioner was unable to make a voluntary, intelligent waiver of his rights to remain silent and to counsel because of his intoxication and history of depression. The trial court granted the state's motion in limine to not allow Dr. Armour to testify at trial. Petitioner alleged violations of his state and federal constitutional rights. The magistrate judge found that the trial court's decision to grant the state's motion in limine is a matter of state law that is not part of a habeas review. See Estelle v. McGuire, 502 U.S. 62,

67-68 (1991). She further found that even if trial court erred in refusing to allow the expert to testify, the error was harmless.

Petitioner specifically objects to Judge Medler's finding that "a 'confession' made while a suspect is 'delusional', 'hallucinating', 'suffering from diminished capacity from alcohol induced psychosis', and a 'depression' disorder can be considered a waiver of rights, and statement." He added that "depriving the jury of Dr. Armour's testimony violated Petitioners [sic] right to a fair trail because that testimony would have illustrated what weight to give to Petitioners [sic] statements."

After a *de novo* review of petitioner's first ground for relief, see 28 U.S.C. §636(b)(1), this Court finds that the magistrate judge's Report and Recommendation correctly addresses the issue and analyzes the relevant law. The absence of Dr. Armour's expert testimony did not fatally infect the trial nor deprive petitioner of his rights to fundamental fairness or to present witnesses in his favor. Significantly, Dr. Sam Parwatikar testified at trial on petitioner's behalf as to his state of mind at the time of the offense. Petitioner's objections are without merit. See Manning-El v. Wyrick, 738 F.2d 321, 322 (8th Cir. 1984) ("[Q]uestions concerning the admissibility of evidence are matters of state law, and are reviewable in federal habeas corpus proceedings only when the alleged error infringes upon a specific constitutional protection or is so prejudicial that it amounts to a denial of due process."); Sweet v. Delo, 125 F.3d 1144, 1157-58 (8th Cir. 1997) (quoting Logan v. Lockhart, 994 F.2d 1324, 1330 (8th Cir. 1993) ("The exclusion of evidence violates due process if 'the asserted error was 'so conspicuously prejudicial or of such magnitude that it fatally

infected the trial and deprived [the defendant] of fundamental fairness.'"); Estelle, 502 U.S. at 67-68 ("[F]ederal habeas corpus relief does not lie for errors of state law. . . . In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.").

Further, consideration of petitioner's mental state at the time he waived his rights would not change the outcome of the trial. See Lyons v. Luebbers, 403 F.3d 585, 597 (8th Cir. 2005) (quoting Colorado v. Connelly, 479 U.S. 157, 166 (1986)) ("There is no constitutional right for 'a criminal defendant to confess to his crime only when totally rational and properly motivated.'"); U.S. v. Castanon, 88 Fed. Appx. 965, 967 (8th Cir. 2004) ("Neither intoxication nor withdrawal necessarily invalidates a confession."). See also Colorado v. Connelly, 479 U.S. 157, 167 (1986) ("[C]oercive police activity is a necessary predicate to the finding that a confession is not 'voluntary' within the meaning of the Due Process Clause of the Fourteenth Amendment."). The Court will deny petitioner's first ground for habeas relief.

### B. Grounds Two through Five

Petitioner does not state any specific objections to the magistrate judge's findings on grounds two through five of his habeas petition. Rather, he requests that the Court review the original petition because he is an "untrained *pro se* litigant [who] has no means to draft this objection like a attorney would." Upon review of the Report and Recommendation, the Court finds that the magistrate judge correctly addressed the issues and analyzed the law. Petitioner's general objections are without merit.

Following a *de novo* review,

**IT IS HEREBY ORDERED** that the report and recommendation [#18] of United States Magistrate Judge Mary Ann L. Medler is sustained, adopted, and incorporated herein.

**IT IS FURTHER ORDERED** that the petition of Joseph Tracy for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [#2] is **denied**.

**IT IS FURTHER ORDERED** that petitioner has failed to make a substantial showing of the denial of a constitutional right and the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997).

A judgment in accordance with this order will be entered this same date.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 28th day of February, 2006.